# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:07-cv-397

| | | |
|---|---|---|
| RYAN J. KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11), Plaintiff's Memorandum in Support of Motion for Summary Judgment (Doc. No. 12), Defendant's Motion for Summary Judgment (Doc. No. 13) and Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 14). The magistrate judge entered a Memorandum and Recommendation ("M&R") (Doc. No. 15), recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's decision be affirmed. Plaintiff filed timely objections to the M&R (Doc. No. 16), which are now before the Court. For the reasons that follow, the Court affirms the M&R.

**I.    BACKGROUND**

Plaintiff filed an application for a period of disability, Social Security disability insurance benefits, and Supplemental Security Income on February 7, 2003. Plaintiff alleged that he became disabled and was unable to work on January 7, 2003 as a result of depressive disorder,

anxiety, seizure disorder, and obesity. Plaintiff's claim was denied initially and upon reconsideration. The Court adopts the additional facts as stated in the M&R.

## II.     DISCUSSION

### A.     Standard of Review

A court may "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(B). "[T]he magistrate judge shall file his proposed findings and recommendations . . . with the court . . ." Id. § 636(b)(1)(C). A party may file specific, written objections to a magistrate judge's recommendations within ten days after being served with a copy of the recommended disposition. Id. § 636(b)(1); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) (holding that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge must conduct a de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1).

When reviewing an ALJ's decision of whether a claimant is disabled under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), a court is limited to reviewing: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standard. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) (explaining that a district court does not review a final decision of the Commissioner de novo). "Substantial evidence is defined as ' . . . evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It

consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456; see Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972) (explaining that the court should uphold the Commissioner's decision even if the court disagrees with the decision, as long as the decision is supported by substantial evidence).

### B. Plaintiff's Objections to the M&R

#### 1. M&R is a Repetition of Allegations and Post-Hoc Rationalizations in Defendant's Brief

Throughout several of Plaintiff's ten objections, Plaintiff objects that the M&R is a repetition of the allegations and post-hoc rationalizations found in Defendant's brief (Doc. No. 16 at 1). Plaintiff's first offers a generalized objection to this alleged practice. This Court finds no fault in conserving judicial resources by refraining from re-writing an opinion so that it differs linguistically from the parties' briefs. Further, this Court finds no fault in the magistrate judge favoring one party's argument over another, provided that the argument is legally sound.

This Order will address each specific objection as they occur in Plaintiff's Objections.

## 2. Failure to Consider the Combined Effect of all Claimant's Impairments

Plaintiff objects that the M&R did not consider the combined effect of all of Plaintiff's impairments when assessing Plaintiff's Global Assessment of Functioning ("GAF") rating[1] (Doc. No. 16 at 2). This Court requires that "in evaluating the effective [*sic*] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). However, the Fourth Circuit has determined that an ALJ's finding will be upheld, unless the ALJ fragmentized Plaintiff's impairments to such a degree that he failed to appropriately evaluate their combined effect. See Dillon v. Celebrezze, 345 F.2d 753, 757 (4th Cir. 1965).

This Court finds that the M&R did not fail to consider the combined effect of all of Plaintiff's impairments to a degree warranting reversal of the ALJ's decision. The ALJ determined that Plaintiff suffered from the following impairments: depressive disorder, anxiety, seizure disorder, and obesity; yet the ALJ did not classify them as "severe" because they were controllable through medication or resolvable with treatment. (Tr. 20-22). The ALJ reviewed Plaintiff's symptoms and determined they did not meet the listing requirements of Listings 11.02, 11.03 of 20 C.F.R. Part 404, Appendix 1 to Subpart P because both testimony and medical evidence illustrate that Plaintiff's seizures occur too infrequently as required by the applicable listings. (Tr. 22). The ALJ also determined Plaintiff's depression and anxiety do not meet listing requirements of Listings 12.04 or 12.06 of 20 C.F.R. Part 404, Appendix 1 to Subpart P because

---

[1] The Global Assessment of Functioning is a numbered scale used to assess the psychological, social and occupational functioning of adults. William C. Follette, Deborah Davis, & Richard A. Leo, Mental Health Status and Vulnerability to Police Interrogation Tactics, 22-FALL Crim. Just. 42, 46 (2007).

Plaintiff has no marked mental limitations. (Tr. 25). Further, the ALJ specifically addressed Plaintiff's "combination of impairments" and found that they did not meet the applicable listing requirements. (Tr. 22). The ALJ also noted that Plaintiff's professed ability to golf and play in a band with friends is directly contradictory to Plaintiff's allegations of disability precluding him from gainful work. (Tr. 22). And lastly, the ALJ acknowledged Plaintiff's ability to work was restricted to medium work with various non-exertional limitations. (Tr. 23). This Court finds that the ALJ did not so fragmentize Plaintiff's impairments so as to preclude a proper assessment of their combined effect on Plaintiff based on the ALJ's aforementioned analysis.

### 3. Failure to Consider GAF Scores of 50 or Less

Plaintiff also objects to the failure on behalf of the M&R to consider Plaintiff's GAF scores of 50 or less. (Doc. No. 16 at 2). Plaintiff cites several instances in the trial transcript of recorded GAF scores of 50 or less (Tr. 181, 202, 206, 309, 313, 316); however, each of these instances corresponds with either the beginning of Plaintiff's treatment or Plaintiff's noncompliance with medication and/or therapy. When Plaintiff's GAF was determined to be 50 or lower, Plaintiff declined treatment (Tr. 181, 194, 196, 200, 202, 210), stopped therapy (Tr. 316), or did not comply with his recommended medication regimen (Tr. 206, 197-98, 313). When Plaintiff's GAF was determined to be roughly 60 or higher, Plaintiff remained in treatment and complied with his recommended medication regimen (Tr. 185, 186, 188, 206, 322, 312).

Further, residual functional capacity ("RFC") is used to assess claimant's ability to work despite his or her limitations. 20 C.F.R. § 404.1545(a). RFC is "the individual's maximum remaining ability to perform sustained work on a regular and continuing basis[.]" SSR 96-8p. RFC is further defined as "the most you can still do despite your limitations." 20 C.F.R. §

404.1545(a). The most Plaintiff can do in the instant case is to comply with recommended treatment and medication in order to perform the work approved by the ALJ. (Tr. 23). When Plaintiff fully complied with recommended therapy and medication, Plaintiff was assessed as not disabled. (Tr. 23). Accordingly, assessment of Plaintiff's RFC when he is compliant with recommended therapy and medication is reasonable in light of the definition of Plaintiff's RFC.

This Court finds that the ALJ and M&R did not fail to consider Plaintiff's GAF scores of 50 or less, but rather assessed those scores as correspondent with noncompliance with prescribed treatment and medication. This determination is in accordance with the applicable legal standard.

### 4. M&R Improperly Considers Information Not in Evidence

Plaintiff next objects that the M&R improperly considers information not in evidence in a footnote in its determination of Plaintiff's disability status. (Doc. No. 16 at 2). This Court finds that the M&R did not rely in any significant way on the information provided in the footnote at issue. Thus, the M&R did not improperly consider information not in evidence because the M&R merely referenced the footnote at issue in order to illustrate the implications of physician testimony.

### 5. M&R Cuts and Pastes Defendant's Brief

Plaintiff objects that the M&R recites verbatim Defendant's brief regarding the ALJ's rejection of Dr. Rao's opinion. (Doc. No. 16 at 2). As stated previously, there is no fault where the M&R favors one party's argument over another and finds it resourceful to parrot such argument in the M&R, provided that the argument used is legally sound, as in the instant case.

### 6. M&R Ignores the Fact that ALJ Failed to Comply with *Pittman v. Massanari*

Plaintiff next objects that the M&R fails to comply with the legal standards set forth in Pittman v. Massanari, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). (Doc. No. 16 at 2). Specifically, Plaintiff contends that the M&R fails to address the ALJ's failure to specify the inconsistencies between Dr. Manejwala's opinion and the record. The applicable law states that "if a physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantive evidence, it should be accorded significantly less weight." Pittman 141 F. Supp. 2d at 608 (quoting Craig v. Chater, 76 F.3d 585, 590) (2001).

Neither the ALJ nor the M&R erred by failing to address the inconsistencies between Dr. Manejwala's opinion and other evidence in the record. The ALJ explained Dr. Manejwala's statement regarding Plaintiff's disability status was inconsistent with the behavioral health treatment records as well as with Dr. Manejwala's own treatment notes. (Tr. 27). The ALJ noted that the behavioral health treatment records indicate that Plaintiff's depression was consistently described as moderate and his symptoms improved with medication, in direct contravention of Dr. Manejwala's statement that Plaintiff is unable to meet competitive standards of several mental abilities needed to do unskilled work. (Tr. 27; Doc. No. 12 at 10). Further, the ALJ noted that Dr. Manejwala's own treatment notes are inconsistent, in that Dr. Manejwala assessed Plaintiff as having a GAF of slightly above 50 in February 2004, between 50 and 60 in April 2005, and at 60 in September 2005. (Tr. 27). In June 2005, Plaintiff's GAF was assessed at 65. Id. Thus, based on the foregoing, neither the ALJ nor the M&R erred in failing to comply with Pittman because the ALJ and the M&R sufficiently detailed the inconsistencies between Dr. Manejwala's disability statement and other medical evidence in the record.

### 7. M&R Cuts and Pastes Post-Hoc Rationalizations in Defendant's Brief

Plaintiff objects to the M&R cutting and pasting the post-hoc rationalizations of Defendant's brief as to the ALJ's credibility finding, thereby violating the stipulations set forth in Social Security Ruling 96-7p ("SSR 96-7p") as to how to evaluate the credibility of an individual's statements. (Doc. No. 16 at 2). The ALJ must provide specific reasons for rejecting subjective testimony and "make clear to . . . any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The ALJ sufficiently explained the reasons why he found Plaintiff's and Plaintiff's mother's statements about the limiting effects of his symptoms not entirely credible, stating the ways in which their statements were inconsistent with the medical evidence. (Tr. 22, 24-26). Plaintiff testified as to the limiting effects of his anxiety, seizure disorder, restless leg syndrome, panic attacks and agoraphobia. (Tr. 24). Plaintiff's mother testified that Plaintiff's anxiety is worse, he has panic attacks several times a day, he has feelings of hopelessness, and therapy is not working. (Tr. 25). In contrast with these interested witnesses, medical evidence showed that Plaintiff's seizures were well controlled with medication, and Plaintiff's and Plaintiff's mother's testimony appeared exaggerated in light of other medical evidence in the record. Id. Further, medical records reflect improvement with regard to Plaintiff's alleged mental impairments when Plaintiff is compliant with medication. (Tr. 26). Accordingly, the M&R specifically addresses the inconsistencies between Plaintiff's and Plaintiff's mother's testimony and the medical evidence on record.

### 8. Failure to Comply with 20 C.F.R. § 404.1520(a) by Improperly Relying on a Non-Examining Physician

Plaintiff next objects that the ALJ improperly relied on a non-examining physician over the opinion of Plaintiff's treating physician in determining Plaintiff's disability status. (Doc. No. 16 at 3). "[I]f a physician's opinion is . . . inconsistent with other substantial evidence, it should be accorded significantly less weight than if the physician's opinion was supported by clinical evidence." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 590 (1996)).

The ALJ explained that Dr. Manejwala's disability statement was inconsistent with the behavioral health treatment records as well as with Dr. Manejwala's own treatment notes. (Tr. 27). In such situations, the ALJ has discretion to assign less weight to the testimony of a treating physician. Mastro, 270 F.3d at 178. Furthermore, the ALJ did not rely solely on Dr. Biber's opinion in his determination of Plaintiff's RFC and disability status; the ALJ also considered the Behavioral Health Center treatment records to support his determination that Plaintiff was not disabled. (Tr. at 27). As such, substantial evidence supports the ALJ's determination to assign greater weight to a non-treating physician than Plaintiff's treating physician.

### 9. Failure to Perform a Function-by-Function Analysis

Plaintiff objects to the ALJ's alleged failure to conduct a function-by-function analysis of the effect of Plaintiff's obesity and Plaintiff's RFC without stating supportive evidence. (Doc. No. 16 at 3).

The ALJ must perform a five-step sequential evaluation process to determine Plaintiff's disability status: 1) whether Plaintiff is involved in substantial gainful activity; 2) whether

Plaintiff suffers from medically severe impairments lasting for a continuous period of at least twelve months; 3) whether Plaintiff's impairments are sufficiently severe to meet one of the listings in appendix one; 4) whether Plaintiff's RFC and past relevant work indicates disability; and 5) whether the assessment of Plaintiff's RFC, age, education and work experience indicates Plaintiff can make an adjustment to perform other work. 20 C.F.R. § 404.1520(a). Under step four of the analysis, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." Ross v. Astrue, No. 06-3438-JFA-RSC, 2008 U.S. Dist. LEXIS 108325, at *9 (4th Cir. Aug. 22, 2008). Further, "[i]n determining a claimant's RFC, the ALJ must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." Unger v. Barnhart, 507 F. Supp. 2d 929, 941 (7th Cir. 2007) (citations omitted). In so doing, "[t]he ALJ must separately consider and discuss the Claimant's ability to perform each of the seven strength demands- sitting, standing, walking, lifting, carrying, pushing and pulling-on a 'regular and continuing basis' of eight hours a day, five days a week. Id. Should the ALJ fail to do so, the resulting determination is a conclusory statement with regard to Plaintiff's work abilities.

The ALJ found that Plaintiff's "excess weight limits his ability to perform strenuous activities such as heavy lifting . . . He can sit, stand, or walk for about six hours in a work day, can push and pull, can lift and carry 50 pounds occasionally and 25 pounds frequently." (Tr. 29). Because the ALJ addressed each of the seven strength demands required by Unger, the ALJ did not fail to conduct a function-by-function analysis of the effects of Plaintiff's obesity.

Similarly, Plaintiff's objection as to the alleged failure by the M&R to conduct a

function-by-function analysis of Plaintiff's RFC without stating supportive evidence also must fail. The M&R appropriately addresses the specific evidence in support of the ALJ having conducted a function-by-function analysis of Plaintiff's RFC. (Doc. No. 15 at 22). Thus, both Plaintiff's objections as to the ALJ's alleged failure to conduct a function-by-function analysis of the effects of Plaintiff's obesity and Plaintiff's RFC fail because the M&R sufficiently considered these elements on a function-by-function basis.

10. <u>Failure to Adhere to Social Security Ruling 86-8 ("SSR 86-8")</u>[2]

Plaintiff objects that the M&R fails to adhere to SSR 86-8. (Doc. No. 16 at 3).

According to SSR 86-8, in determining Plaintiff's disability status, "[r]easonable inferences may be drawn, but presumptions, speculations, and suppositions should not be substituted for evidence." SSR 86-8. In order for the ALJ's decision to be upheld, it must be supported by substantial evidence. See <u>Hays</u>, 907 F.2d at 1456. This Court finds that there was substantial evidence supporting the ALJ's decision that Plaintiff is not disabled. The ALJ cited several credible medical opinions testifying that Plaintiff could still perform the necessary tasks to render him not disabled, including opinions by Dr. E.J. Burgess and Dr. Lavonne Fox. (Tr. 28). Moreover, the ALJ explained why other physicians not in agreement with Dr. Burgess and Dr. Fox were assigned less weight in the ALJ's determination of Plaintiff's disability. (Tr. 26-28). Further, the vocational expert testified as to 2,300 North Carolina positions for which Plaintiff was qualified, as well as approximately several hundred thousand positions throughout the nation for which Plaintiff was qualified. (Tr. 30). Accordingly, the ALJ's determination that

---

[2] Plaintiff incorrectly refers to this Ruling by the Commissioner as Ruling 86-6. (Doc. No. 16 at 3).

Plaintiff is not disabled despite his impairments is supported by substantial evidence and will be upheld in this respect.

### 11. M&R Ignores Other Errors Discussed in Plaintiff's Memorandum

Plaintiff finally objects that the M&R ignores other errors by the ALJ discussed within Plaintiff's Memorandum (Doc No. 16 at 3). However, the M&R specifically addresses all seven developed arguments proffered in Plaintiff's Memorandum in Support of Motion for Summary Judgment. (Doc. No. 15 at 5, 6-26). As to the lesser developed arguments in Plaintiff's Memorandum, "issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Collins v. Marina-Martinez, 894 F.2d 474, 481, n. 9 (1st Cir. 1990).

## III. CONCLUSION

After a careful review of the record in this case, the Court finds that the magistrate judge's findings of fact are supported by the record and his conclusions of law are consistent with and supported by current case law. Thus, the Court hereby accepts the M&R and adopts it as the final decision of this Court for all purposes relating to this case.

**IT IS, THEREFORE, ORDERED** that:

1. the Defendant's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**;
2. the Plaintiff's Motion for Summary Judgment (Doc No. 12) is **DENIED**; and
3. the Plaintiff's case against the defendant is **DISMISSED**.

Signed: June 10, 2009

Robert J. Conrad, Jr.
Chief United States District Judge